UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WEST COAST FUND, LLC,

    Plaintiff,

v.                                                      Case No. 3:16cv371-RV-CJK

DIAN A. CURTIS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This mortgage foreclosure action is before the court on plaintiff's Amended Motion to Dismiss and Remand Back to State Court (doc. 12). West Coast Fund, LLC ("West Coast"), filed the matter in Walton County Circuit Court on July 2, 2015. Cheri Lynn Meyer, who is named as a defendant in her capacity as Successor Trustee under the Dian A. Curtis Revocable Trust Agreement Dated December 5, 2000, removed the matter to this court on July 21, 2016, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331 (doc. 1). A little more than one week later, she filed a Demand for Dismissal and Counterclaim, seeking dismissal of the foreclosure action and asserting a counterclaim under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et. seq.* For the reasons set forth below, removal was improper, and the matter should be remanded.

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332. If a case over which the district courts have original jurisdiction is filed in state court, it may be removed to federal court. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days afer receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The thirty-day time period set forth in § 1446(b) is strictly construed. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand).

Case No. 3:16cv371-RV-CJK

In cases in which there are multiple defendants, the rule of unanimity mandates that all defendants who have been properly joined and served join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Each defendant has thirty days after receipt of service of the initial pleading or summons in which to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Removal jurisdiction is narrowly construed, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

In support of its motion to remand, West Coast argues the notice of removal was untimely because it was filed more than thirty days after service of the complaint. Ms. Meyer does not dispute that fact. Instead, she maintains remand would be improper because it is not provided for under § 1331 or the FDCPA. Ms. Meyers wholly fails to acknowledge the removal statutes cited above, which apply to all federal civil actions regardless of whether they are expressly incorporated in the jurisdictional or substantive statutes pursuant to which the matter was brought.

As the removing party, Ms. Meyer has the burden of demonstrating that the court has jurisdiction over the matter.[1]  *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (referring to "the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction"); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). She has wholly failed to do so.[2]

Accordingly, it is respectfully RECOMMENDED:

1. That this matter be remanded to the state court from which it was removed.

2. That all pending motions be denied as moot.

3. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 27th day of September, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] It is not at all clear Ms. Meyer has standing to remove the matter since she did so in her individual capacity.  The court need not decide the issue, however, because the matter must be remanded on other grounds.

[2] Even if Ms. Meyer had removed the matter within the thirty-day time period, remand nevertheless is warranted because not all of the defendants have joined in the removal as required by 28 U.S.C. § 1446(b)(2)(A), another fact Ms. Meyer does not dispute.

Case No. 3:16cv371-RV-CJK

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**